Jerry A. Funk, United States Bankruptcy Judge
This proceeding is before the Court on the amended motion to dismiss filed by *207 Defendant FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION ("AHCA") (Doc. 10) and the response in opposition filed by Plaintiff INSTITUTE OF CARDIOVASCULAR EXCELLENCE, PLLC ("Debtor") (Doc. 11). For the reasons stated herein, AHCA's motion is denied as to Count 1, but is granted as to Counts 2 and 3.
BACKGROUND
Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on April 20, 2016. Debtor filed the instant adversary proceeding and complaint on November 8, 2017, naming AHCA as the sole defendant. (Doc. 1). AHCA is Florida's executive-branch agency responsible for, among other things, operating and managing Florida's Medicaid program and disbursement of federal Medicaid funds.[1] Debtor is a limited liability company and provider of medical services within the State of Florida.
ALLEGATIONS
The complaint alleges the following facts, which the Court accepts as true for purposes of AHCA's motion to dismiss. In January 2009, Debtor and AHCA entered into a Medicaid Provider Agreement (the "Provider Agreement"), which obligated AHCA to reimburse Debtor for medical services it provided to Medicaid recipients within the terms of the agreement. (Doc. 1 at 2). Pursuant to the Provider Agreement, Debtor performed medical services on Medicaid recipients and AHCA was, in turn, obligated by the Provider Agreement to pay Debtor $294,736.25. Debtor alleges that AHCA has neither paid the claims nor notified Debtor of any denied or contested claim, as required by section 641.3155(3)(b), Florida Statutes.
At some point, Debtor communicated with AHCA in an attempt to collect on the funds due under the Provider Agreement. AHCA responded that the funds are "being held in suspended accounts." (Doc. 1 at 2). At the time, AHCA contended these funds were forfeited or abandoned by virtue of a settlement agreement between Debtor (as well as related entities/individuals) and state and federal government agencies in connection with a Medicaid fraud investigation. AHCA also apparently contended that state and federal law required it to "suspend" the subject accounts and withhold payment in light of the fraud investigation. AHCA has not paid the monies owed to Debtor and has not "notified" Debtor of a "denied or contested claim within 20 days" thereof. AHCA's failure to pay or deny the claim has created an "uncontestable obligation" to pay the claim plus interest, under section 641.3155(3)(b), Florida Statutes. (Doc. 1 at 3, ¶ 11). Based on these allegations, Debtor brings three counts: 1) turnover of property under 11 U.S.C. § 542 ; 2) common law breach of contract; and 3) common law quantum meruit. (Doc. 1 at 3-6).
AHCA's motion to dismiss argues that it retains Eleventh Amendment immunity for these claims, and that the proceeding should be dismissed. (Doc. 10). More specifically, AHCA concedes that the Eleventh Amendment does not immunize it against a "true" turnover claim under § 542, but argues the claims are actually immunized claims for in personam damages masquerading as a non-immunized § 542 turnover claim. (Doc. 10 at 5).
AHCA also asserts two factual arguments going to the merits of Debtor's claims. First, AHCA contends that, in 2015, a medical doctor associated with Debtor came under investigation for Medicaid *208 fraud. At the time, AHCA determined it had "reliable evidence" to warrant withholding Medicaid payments to Debtor pursuant to section 409.913(25)(a), Florida Statutes, and 42 C.F.R. § 455.23. Second, AHCA contends that, even if it lifted the suspension of payments, Debtor would be entitled to only $28,441.68. (Doc. 10-1 at 3). AHCA attached an affidavit of a designated representative as well as a letter, dated May 5, 2015, which purports to have informed Debtor that AHCA "is temporarily withholding" provider payments due to Debtor. (Doc. 10-1 at 5). This evidence is outside the four corners of the complaint, and the Court is unable to consider its impact on the merits of Debtor's claims within the present analysis.
ANALYSIS
A motion brought pursuant to Rule 12(b)(1) asks the Court to determine whether a sufficient basis for subject-matter jurisdiction has been pled in the operative complaint. Fed. R. Civ. P. 12(b)(1) ; Fed. R. Bankr. P. 7012(b). In making a determination on subject-matter jurisdiction at the pleadings stage, the Court must "take the allegations in the complaint as true." Cypress v. United States, 646 F. App'x 748, 750 (11th Cir. 2016) ; Douglas v. United States, 814 F.3d 1268, 1275-76 (11th Cir. 2016).
Eleventh Amendment immunity in the bankruptcy context.
"Bankruptcy jurisdiction, as understood today and at the time of the framing [of the U.S. Constitution], is principally in rem jurisdiction." Cent. Virginia Cmty. Coll. v. Katz, 546 U.S. 356, 369, 126 S.Ct. 990, 163 L.Ed.2d 945 (2006). "In ratifying the Bankruptcy Clause,[2 ] the States acquiesced in a subordination of whatever sovereign immunity they might otherwise have asserted in proceedings necessary to effectuate the in rem jurisdiction of the bankruptcy courts." Id. at 378, 126 S.Ct. 990. The Eleventh Circuit has labeled this theory "consent by ratification."[3] That is, the "consent by ratification" theory "is predicated on the states' decision when joining the Union to ratify the Bankruptcy Clause, which empowers Congress to establish 'uniform Laws on the subject of Bankruptcies throughout the United States.' " In re Diaz, 647 F.3d 1073, 1083 (11th Cir. 2011).
"The applicability of the 'consent by ratification' theory in a given case thus turns on whether the proceedings against the state qualify as 'necessary to effectuate the in rem jurisdiction of the bankruptcy courts.' " Diaz, 647 F.3d at 1084 (citing Katz, 546 U.S. at 369, 126 S.Ct. 990 ). In Katz, the Supreme Court "establish[ed] some parameters" on the range of proceedings that fall within the consent-by-ratification exception to the Eleventh Amendment. Id.
"To begin with, the [ Katz ] Court ... set[ ] forth the three critical in rem functions of bankruptcy courts: '[1] the exercise of exclusive jurisdiction over all of the debtor's property, [2] the equitable *209 distribution of that property among the debtor's creditors, and [3] the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts.' " Id."At a minimum, then, a proceeding must directly relate to one or more of these functions in order to meet the 'necessary to effectuate' standard." Id."The [ Katz ] Court also warned that not 'every law labeled a 'bankruptcy' law could, consistent with the Bankruptcy Clause, properly impinge upon state sovereign immunity.' " Id."In context, [this means] that some proceedings, although they may arise under the Bankruptcy Code, nevertheless lack a meaningful nexus to the bankruptcy courts' in rem jurisdiction and thus do not fall within the scope of the states' consent to suit." Id."These guidelines provide a useful starting point for courts tasked with giving meaning to the 'necessary to effectuate' standard and further refining the 'consent by ratification' theory." Id.
Turnover of property, pursuant to 11 U.S.C. § 542.
The Court maintains exclusive jurisdiction over all property of the estate. 11 U.S.C. § 1334(e)(1); Standing Order of Reference , 6:12-mc-26-ORL-22 (M.D. Fla. Feb. 22, 2012).[4] Concerning estate property, § 542(b) of the Bankruptcy Code provides in pertinent part:
(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order , shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.
11 U.S.C. § 542(b) (2017) (emphasis added).
"The threshold element which must be established in any turnover proceeding, and the sole disputed legal issue here, is whether the debtor has a legal or equitable interest in the property sought to be turned over." In re Redman Oil Co., Inc., 95 B.R. 516, 522 (Bankr. S.D. Ohio 1988). Section 542(b) specifically applies to "turnover of matured debts owed to a bankrupt estate." In re Bay Vista of Virginia, Inc., 394 B.R. 820, 836 (Bankr. E.D. Va. 2008). "These may be, for example, debts owed for accounts receivable, for judgments already obtained or for monies previously held in trust or in escrow." Id. (quoting In re Nat'l Enters., Inc., 128 B.R. 956, 959 (E.D.Va.1991) ). "Consequently, the determination of whether a claim qualifies as a turnover proceeding turns on whether [the] complaint alleges the existence of a mature debt." Id.
" 'Matured' refers to 'debts that are presently payable, as opposed to those that are contingent and become payable only upon the occurrence of a certain act or event.' " Id. (quoting In re Porter-Hayden Co., 304 B.R. 725, 732 (Bankr. D. Md. 2004) ; see also Black's Law Dictionary (10th ed. 2014) (defining a "matured claim" as "[a] claim based on a debt that is due for payment."). Importantly, however, "[t]urnover proceedings are not to be used to liquidate disputed contract claims." In re Charter Co., 913 F.2d 1575, 1579 (11th Cir. 1990).
Here, both parties agree the Eleventh Amendment does not deprive the Court of its in rem jurisdiction to determine whether certain property is property of the estate, under the first of the three "critical in rem functions" of bankruptcy courts described in Diaz, 647 F.3d at 1084 ("[1]
*210 the exercise of exclusive jurisdiction over all of the debtor's property."). Thus, the question presented is simply whether Debtor has stated a claim for turnover of property under § 542.
Debtor alleges the subject funds constitute a prepetition account receivable (or presently payable debt) owed by AHCA for medical services provided pursuant to the Provider Agreement. (Doc. 1 at 3, ¶ 11). On the other hand, AHCA contends the money was forfeited due to a settlement agreement reached in a related Medicaid fraud investigation (i.e., an agreement extraneous to the Provider Agreement) and further contends the money was lawfully withheld, at least at first, pursuant to section 409.913(25)(a), Florida Statutes, and 42 C.F.R. § 455.23. The Court notes that both section 409.913(25)(a) and 42 C.F.R. § 455.23(c) appear to provide for only temporary suspensions, though this aspect of the statute and regulation was not clarified by the parties. Nevertheless, the point is that the central conflict in this proceeding is whether and to what extent Debtor and the bankruptcy estate maintain a property interest in the subject funds.
Put differently, looking at the substance of the claim, Count 1 asks the Court to exercise only in rem jurisdiction and adjudicate whether the bankruptcy estate retains an interest in the subject funds. In determining whether the estate maintains an interest in the subject funds, the Court need not exercise in personam jurisdiction over AHCA. Cf. Charter Co., 913 F.2d at 1579. If the subject funds are property of the estate, no court other than this Court retains subject-matter jurisdiction over those funds. 11 U.S.C. § 1334(e)(1). Such exclusive in rem jurisdiction includes the jurisdiction to determine whether the property is property of the estate-Eleventh Amendment notwithstanding. Thus, the Court retains jurisdiction to adjudicate Count 1 and determine whether the subject funds are property of the estate but does not retain jurisdiction to assess in personam liability against AHCA.
Common law breach of contract and quantum meruit.
Debtor's two state-law claims (i.e., Counts 2 and 3) are barred by the Eleventh Amendment because adjudication of these particular claims is not "necessary to effectuate the in rem jurisdiction of the bankruptcy courts.' " Diaz, 647 F.3d at 1084 ; see also Charter Co., 913 F.2d at 1579. In other words, accepting the allegations of Counts 2 and 3 as true and rendering judgment in favor of Debtor on these counts would require the Court to assess in personam liability against AHCA in violation of the Eleventh Amendment. Florida's ratification of the U.S. Constitution does not operate as consent to be sued on these state-law claims in this Court and AHCA is, therefore, immunized as to these causes of action in this Court.
CONCLUSION
In sum, the extent of the Court's jurisdiction in this proceeding is solely in rem jurisdiction over property of the bankruptcy estate. This includes the jurisdiction to determine whether and to what extent the subject funds constitute a matured debt owed as of the petition-filing date. If the evidence presented proves the subject funds are property of the estate and AHCA's withholding of funds is not otherwise legally justified, the Court would be required to order turnover of those funds to Debtor, as the debtor-in-possession, without interference of the Eleventh Amendment. Likewise, if the evidence demonstrates the estate retains no interest in the funds, the Court would be without further jurisdiction in this proceeding because the Eleventh Amendment precludes *211 any exercise of in personam jurisdiction over AHCA as well as any assessment of liability for damages against AHCA, under these circumstances.
Accordingly, AHCA's motion to dismiss is GRANTED as to Counts 2 and 3 but is DENIED as to Count 1. Counts 2 and 3 are hereby DISMISSED. The parties shall proceed accordingly.
ORDERED.

http://ahca.myflorida.com/Medicaid/

U.S. Const. art. I, § 8, cl. 4.

Case law has described at least three exceptions to the Eleventh Amendment. However, the Eleventh Circuit has interpreted Katz as indicating that only the "litigation waiver" theory and the "consent by ratification" theory remain viable within the bankruptcy context. In re Diaz, 647 F.3d 1073, 1085 (11th Cir. 2011) ("After Katz, then, courts faced with state-sovereign-immunity questions in bankruptcy proceedings should limit their focus to the 'litigation waiver' theory and the 'consent by ratification' theory."). This Order focuses solely on the "consent by ratification" theory. The "litigation waiver" theory is inapplicable because AHCA has not filed a proof of claim in the main case.

http://pacer.flmb.uscourts.gov/administrativeorders/DataFileOrder.asp?FileID=44